**ESTATE OF Roberto HEVIA, Plaintiff**

v.

**PORTRIO CORPORATION,**
**et al., Defendants.**

**Civil No. 07–1363 (JP).**

United States District Court,
D. Puerto Rico.

July 23, 2007.

Laura Beléndez–Ferrero, Esq., Eugenio J. Torres–Oyola, Esq., Ferraiuoli–Torres, Marchand & Rovira PSC, San Juan, PR, for Plaintiff.

Fernando Van–Derdys, Esq, F. Van Derdys Law Office, Hato Rey, PR, Adaljisa Pérez–Andreu, Esq., San Juan, PR, for Defendants.

## OPINION AND ORDER

JAIME PIERAS JR., Senior District Judge.

The Court has before it the plaintiff's motion for a hearing and for provisional remedies. The plaintiff claims it owns the copyrights to architectural plans created by Roberto Raúl Hevia–Acosta, and alleges the defendants infringed those copyrights by using them to develop a residential complex in Río Grande, Puerto Rico. In its Second Amended Complaint, the plaintiff claims damages in the amount of $1,365,750.03 in profits it would have realized if the defendants had lawfully used the plans for the residential complex, and $31,500,000 in profits it alleges the defendants gained from the sale of units in the residential complex. The plaintiff moves the Court to exercise its authority under Rule 64 of the Federal Rules of Civil Procedure (1) to garnish any and all of the defendants' property in the possession of third parties up to the amount of $1,365,750.03 plus interest, and (2) to attach a certain property in Río Grande, presumably the entire residential complex that is the subject of this action. The plaintiff also moves the Court to hold a hearing on its motion for these provisional remedies. The plaintiff's motion (**No. 12**) is **DENIED.**

A federal district court has the authority to issue orders "providing for seizure ... of property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action." Fed.R.Civ.P. Rule 64. Rule 64 provides that, subject to exceptions not relevant here, such provisional remedies are available under the circumstances and in the manner provided by the law of the state in which the district court sits. *See id.* Rule 56 of the Puerto Rico Rules of Civil Procedure provides that upon a motion by the claimant a court "may issue any provisional order it may

deem necessary to secure satisfaction of the judgment." P.R. Laws Ann. tit. 32, App. III R. 56.1 (1979). The Supreme Court of Puerto Rico has construed Rule 56 expansively, "Rule 56 of the Rules of Civil Procedure confers on the court sufficient flexibility to issue the measures which it deems necessary or convenient, according to the circumstances of the case, to secure the effectiveness of judgments." *HMG Prop. Investors, Inc. v. Parque Indus. Río Cañas, Inc.*, 847 F.2d, 908, 913–914 (quoting *F.D. Rich Co. v.Super. Ct.*, 99 P.R.R. 155, 173 (1970)). An attachment order may not be entered without notice to the adverse party and a pre-attachment hearing, unless the claimant demonstrates (1) a previous proprietary interest in the object to be attached, (2) the existence of extraordinary circumstances, or (3) the probability of prevailing on the merits through the use of authentic documentary evidence which shows there is a debt liquid, due, and payable. *See* P.R. Laws Ann. tit. 32, App. III R. 56.2 (1979); *see Rivera Rodríguez & Co. v. Stowell*, 133 D.P.R. 881, 896 (1993).

■ Here the plaintiff's motion for pre-judgment attachment and for a hearing is denied, because there is insufficient information in the motion to indicate that the requested pre-judgment attachment might be necessary to secure satisfaction of an anticipated judgment, or even that the Court should hold a hearing to decide the issue. The plaintiff's motion is only eight pages long, and the section titled "Arguments in Support of Provisional Remedy" is less than two pages long. The plaintiff merely argues that pre-judgment attachment would be necessary to secure a judgment as follows,

> In the past, some of the co-defendants in this case have left other corporations they have created to develop the projects, as in this case, without any monies

to satisfy the judgment. Thus, it is imperative that an attachment be granted to satisfy the future judgment that will be entered in this case.

No. 12 at 6. These arguments, without more, are insufficient to indicate that the sweeping remedies the plaintiff requests, one of which would apply against all defendants, are necessary to secure a judgment in the plaintiff's favor.

■ The plaintiff's motion must also be denied, because it does not indicate that the plaintiff could or is willing to file a bond sufficient to secure the defendants' damages in the event the plaintiff does not prevail on its claims. The validity of an attachment under Rule 56 depends on the validity of the plaintiff's claim against the defendant-attachee. *Garcia–Guzmán v. Villoldo*, 273 F.3d 1, 6 (1st Cir.2001). If the plaintiff does not prevail on its claims against the defendant-attachee, that defendant-attachee has a claim under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141 (1979), for the damages arising from the attachment. *Id.* at 6. In the usual case, Rule 56 requires a plaintiff seeking to attach a defendant's property to file a bond "sufficient to secure all the damages arising from" the attachment. P.R. Laws Ann. tit. 32, App. III R. 56.3 (1979). On the issue of a bond, the plaintiff's motion merely states "[t]he appearing party is required an [sic] willing to post a bond, in an amount to be determined [at a hearing on the plaintiff's motion]." Given the value of the property the plaintiff wishes to attach, damages resulting from wrongful attachment would be substantial, and the Court would require the plaintiff to post a bond sufficient to satisfy such damages. The plaintiff's motion does not indicate its ability or willingness to post a bond of sufficient size.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of July, 2007.